**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR M. RENTERIA, | No. 11-15367 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-05325-CRB |
| v. | |
| DERRAL G. ADAMS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 16, 2013[**]
San Francisco, California

Before: GOODWIN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Petitioner appeals from the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.    Absent a defendant's consent, a trial court may permissibly declare a mistrial only in cases where "'manifest necessity' justifies a discharge of the jury." *Arizona v. Washington*, 434 U.S. 497, 509 (1978).  However, a "mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict [is] . . . considered the classic basis for a proper mistrial." *Id.*  While a trial judge may not act "irrationally or irresponsibly" in declaring a mistrial, the declaration will be upheld so long as it is the result of the trial judge's exercise of "sound discretion." *Id.* at 514.

Here, the California Court of Appeal reasonably applied clearly established federal law when it denied Petitioner's claim that the trial court improperly declared a mistrial.  We note that the Supreme Court has never "overturned a trial court's declaration of a mistrial after a jury was unable to reach a verdict on the ground that the manifest necessity standard had not been met." *Renico v. Lett*, 130 S. Ct. 1855, 1864 (2010) (internal quotation marks omitted).  Neither has it required "'mechanical application' of any 'rigid formula' when trial judges decide whether jury deadlock warrants a mistrial." *Id.* at 1863.  Applying appropriate deference, we conclude that the trial judge exercised its "sound discretion" when it declared a mistrial after the jury stated that it could not reach a verdict. *See id.* at 1860, 1863-66.

2.    We decline to reach the issue of whether trying Petitioner for first degree murder a second time violated the Double Jeopardy Clause under *Blueford v. Arkansas*, 132 S. Ct. 2044 (2012). Even assuming a violation, the California Court of Appeal reasonably concluded that Petitioner's acquittal for first degree murder rendered the alleged violation "moot" or harmless. Clearly established federal law does not impose "an automatic retrial rule whenever a defendant is tried for a jeopardy-barred crime and is convicted of a lesser included offense." *Morris v. Mathews*, 475 U.S. 237, 245 (1986). Rather, "a new trial is required only when the defendant shows a reliable inference of prejudice." *Id.* at 246. The California Court of Appeal reasonably concluded that Petitioner failed to show prejudice, i.e., a reasonable probability that the court would not have convicted him for second degree murder absent the first degree murder charge. *See id.* at 246-47.

3.    We reject Petitioner's claim that the California Court of Appeal unreasonably applied clearly established federal law when it concluded that Petitioner knowingly, voluntarily, and intelligently waived his right to a jury trial. As the California Court of Appeal noted, Renteria challenged retrial of the first degree murder charge, showing that he knew that there was a "substantial question whether the . . . charge was constitutional." Thus, the question of whether retrial of the first degree murder charge violated the Double Jeopardy Clause did not deprive

3

Petitioner of "real notice of the true nature of the charge against him." *See Bousley v. United States*, 523 U.S. 614, 618 (1998).

For these reasons, the district court correctly denied relief.

**AFFIRMED.**